**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | * | **Crim. No. JFM-16-0603** |
| v. | * | **Civil No.** |
| **CARLOS AUSTIN** | * | |

\* \* \* \* \*

**MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255 AND
MOTION TO HOLD CASE IN ABEYANCE**

Petitioner, Carlos Austin, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Assistant Federal Public Defender, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, __ U.S.__, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018). Additionally, Mr. Austin files a motion to hold this case in abeyance pending the Supreme Court's decision in *United States v. Davis*, Case No. 18-431 and the Fourth Circuit's decisions in *United States v. Ali,* 15-4433 and *United States v. Mathis*, 16-4633.

On December 21, 2016, Mr. Austin pled guilty to one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Two).[1] Specifically, the count alleged that the underlying "crime of violence" for the § 924(c) charge was a Hobbs Act robbery. However, post-*Johnson/Dimaya*, Hobbs Act robbery categorically fails to qualify as a

---

[1]   Mr. Austin was also convicted of a Hobbs Act robbery offense in violation of 18 U.S.C. § 1951(a) (Count One).

"crime of violence." Therefore, Mr. Austin is now innocent of the § 924(c) offense, and his conviction is void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause.[2] The § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as void for vagueness. Even more so, the § 924(c) residual clause is identical to the 18 U.S.C. § 16(b) residual clause that the Supreme Court struck in *Dimaya* as void for vagueness. It follows that the § 924(c) residual clause is likewise unconstitutionally vague. Hence, a Hobbs Act robbery offense cannot qualify as a "crime of violence" under the § 924(c) residual clause. Likewise, a Hobbs Act robbery offense categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause. Therefore, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

---

[2] Under § 924(c)(3), "crime of violence" is defined as follows:

(3)   For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

    (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another [known as the force clause], or

    (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [known as the residual clause].

As a result, Mr. Austin's § 924(c) conviction 1) violates due process, 2) violates the laws of the United States and results in a fundamental miscarriage of justice, and 3) was entered in excess of this Court's jurisdiction. Therefore, he is entitled to relief under 28 U.S.C. § 2255(a).

Additionally, Mr. Austin's trial counsel was ineffective in violation of his Sixth Amendment rights in failing to make a void for vagueness challenge to his § 924(c) charge. By the time of Mr. Austin's sentencing on March 17, 2017, lawyers all around the country were making void for vagueness challenges, which have proven to be successful. Indeed, the Fourth Circuit as well as four other circuits have held that the § 924(c) residual clause is unconstitutionally void. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc); United *States v. Davis*, 903 F.3d 483, 495-86 (5th Cir. 2018) (per curiam), *cert. granted*, __ U.S.__, __ S. Ct. __, 2019 WL 98544 (U.S. Jan. 4, 2019) (No. 18-431); *United States v. Eshetu,* 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); *United States v. Salas,* 889 F.3d 681, 684, 684-86 (10th Cir. 2018); *United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. 2016)*.* Thus, counsel's performance fell far below an objective standard of reasonableness in light of prevailing professional norms. And Mr. Austin was obviously prejudiced by the error because he was punished with a consecutive 84-month sentence based on conduct that does not constitute an offense under § 924(c).

However, at this time, Mr. Austin respectfully requests that this Court hold this case in abeyance pending the Supreme Court's decision in *Davis* and the Fourth Circuit's decisions in *United States v. Ali,* 15-4433 and *United States v. Mathis*, 16-4633. In *Davis*, the Supreme Court will give the last word on whether the § 924(c) residual clause is unconstitutionally void. And in *Ali* or *Mathis*, the Fourth Circuit will likely decide whether Hobbs Act robbery qualifies as a "crime

of violence" under the remaining § 924(c) force clause. Counsel will ask for leave to supplement this petition after these cases are decided.

                            Respectfully submitted,

                            JAMES WYDA
                            Federal Public Defender


                            _____/s/_____
                            PARESH S. PATEL
                            Assistant Federal Public Defender
                            6411 Ivy Lane, Ste. 710
                            Greenbelt, Maryland
                            (301) 344-0600

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March 2019 a copy of the foregoing motion was delivered via electronic filing to David I. Salem, Esq. Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland, 21201.

_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender